UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAWN C. WIGGINS,                                                    No. 10-11536

                                  Debtor(s).
_____/
DAWN C. WIGGINS,

                                  Plaintiff(s),

                v.                                                                         A.P. No. 11-1153

BARBARA HOUSELY, et al.,

                                  Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       The complaint in this adversary proceeding alleges that defendant Barbara Housely, a real agent, not only gave legal advice relating to bankruptcy to plaintiff Dawn Wiggins, but went so far as to falsify bankruptcy papers to commence a Chapter 13 case for Wiggins. It further alleges that defendant Zephyr Real Estate was Housely's employing broker and is responsible for her conduct.

       DPPM, INC., a California corporation dba Zephyr Real Estate, has moved the court for

1

dismissal of the action as to it. DPPM argues that (1) the Court lacks subject matter jurisdiction, (2) the Court lacks authority to treat the matter as a core proceeding under 28 U.S.C. §157, (3) the Court should abstain under U.S.C. §1334(c)(1), (4) the complaint fails to state a claim upon which relief may be granted, and (5) service of the summons and complaint was defective under Fed. R. Bankr. P. 7004.[1]

DPPM raises some legitimate issues as to how and where this case ought to proceed. However, the arguments worthy of consideration are clouded by two arguments which are pure nonsense. The court prefers to deal with the practical issues after the garbage has been eliminated.

Section 110(i)(1)(A) of the Bankruptcy Code provides that a debtor may recover damages from a petition preparer for fraudulent acts. The complaint alleges facts which if proved would establish that Housely was a petition preparer and that DPPM, as her employer, is liable for her conduct. This action arises out of the Bankruptcy Code and there is accordingly no question whatsoever as to the court's jurisdiction pursuant to 28 U.S.C. § 1334(b). Whether the court treats the matter as core or noncore is not something the court need decide now and is properly a decision to be made after each defendant has filed an answer conforming to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[2]

DPPM's second meritless argument is that the court should dismiss this action due to defective service. While service on DPPM was not proper pursuant to Rule 7004)(b)(3), the proper vehicle to raise this issue is a motion to quash, especially when the defect is so easily cured with an alias summons and a 44-cent stamp. 27A **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:457.

For the foregoing reasons, DPPM's motion to dismiss will be denied, without prejudice to

---

[1] DPPM frames its argument in terms of the "Second Claim for Relief," as if it were presenting a demurrer under state procedure. In federal court, we look at the complaint as a whole to determine if it fairly states facts entitling the plaintiff to any relief.

[2] While the court does not decide the issue now, it notes that most or all of the courts which have addressed it have held that § 110 damages may be sought by adversary proceeding, and that the proceeding is core. See, e.g., *Gould v. Clippard,* 340 B.R. 861, 881 (M.D.Tenn. 2006).

2

renewal after DPPM has filed its answer and without prejudice to a motion to quash service. Counsel for plaintiff shall submit an appropriate form of order.

Dated: August 8, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

Case: 11-01153    Doc# 26    Filed: 08/08/11    Entered: 08/08/11 14:21:03    Page 3 of 3