UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAWN C. WIGGINS,                                              No. 10-11536

                                  Debtor(s).
_____/

DAWN C. WIGGINS,

                                  Plaintiff(s),

       v.                                                                      A.P. No. 11-1153

BARBARA HOUSELY, et al.,

                                  Defendant(s).
_____/

Memorandum on Motion for Partial Summary Judgment
_____

     Without submitting a declaration or other evidence, defendant Barbara Housely has moved the court for partial summary judgment, arguing that she cannot be subject to damages under § 110 of the Bankruptcy Code because she did not prepare the bankruptcy documents and because she did not receive payment for doing so. Because there are issues of material fact which are not addressed in her motion, it will be denied.

1

Section 110(a)(1) makes the section applicable to non-lawyers who prepare bankruptcy documents for filing by a debtor for compensation. Housely argues, without any evidence, that she neither prepared the bankruptcy petition nor was paid for it. The court cannot make these determinations summarily.

As to who prepared the petition, Housely was clearly involved in the process. A person need not be the one who actually does the preparation in order to be subject to § 110, if the persons is closely involved in the preparation process. *In re Moore*, 290 B.R. 287, 294 (Bankr. E.D.N.C. 2003). The extent of Housely's involvement with the person who prepared the documents is not established in her motion, and she is therefore not entitled to summary adjudication.

Likewise, Housely has not established that she received no compensation. A petition preparer cannot avoid § 110 by arguing that he or she was merely collecting for other persons, or did not receive money directly from the debtor, or collected money for other services. 2 Collier on Bankruptcy (16th Ed.), ¶ 110.02[1]; *In re Gaftick*, 333 B.R. 177, 184 (Bankr. E.D.N.Y. 2005). Housely has not established that she received nothing from the funds Wiggins paid for the filing. Even if she had established this, the promise of a commission upon the sale of property is probably enough to meet the compensation requirement.

Because Housely has not established that she was independent of the person who prepared the bankruptcy petition, and has not established that she received no compensation, her motion for partial summary judgment will be denied. Counsel for Wiggins shall submit an appropriate form of order forthwith.

Dated: August 20, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2