UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAWN C. WIGGINS,                            No. 10-11536

                     Debtor(s).
_____/
DAWN C. WIGGINS,

                     Plaintiff(s),

                   v.                               A.P. No. 11-1153

BARBARA HOUSLEY, et al.,

                   Defendant(s).
_____/

Memorandum on Motion for Attorneys' Fees
_____

       After trial, the court found defendants Housley and Meacham liable to plaintiff Dawn Wiggins pursuant to § 110(i)(1) of the Bankruptcy Code in the amount of $10,000.00 in actual damages and $2,000.00 in statutory damages. The court also found that defendant Zephyr Real Estate was liable to Wiggins for $10,000.00 in damages due to ordinary negligence. Wiggins is entitled to an award of attorneys' fees as to Housley and Meacham, but not Zephyr.

1

1      Wiggins has moved the court for an award of $116,190.00 in fees and $9,883.54 in costs.

2 Housley objects, arguing that the bulk of the fees were incurred in pursuing Zephyr.

3      Where some defendants are liable for attorneys' fees and others are not, the court must insure

4 that those defendants who must pay attorneys fees are not charged with fees incurred pursuing those

5 who are not liable for them. *Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1125 (9th Cir.

6 1981). ["Since plaintiffs are not entitled to fees for their action as against [some] defendants, they

7 cannot recover them from [other] defendants."] Where it appears that the conduct of one defendant is

8 the focus of the litigation and required a larger portion of the time of plaintiff's counsel, it is

9 appropriate to allocate the burden of the fee award accordingly. *Sable Communications of California,*

10 *Inc. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 194 (9th Cir. 1989). The proper allocation is for time

11 spent, not relative culpability. *Corder v. Gates,* 947 F.2d 374, 383 (9th Cir. 1991).

12      Housley identifies about 132 hours of the total 387.3 hours as spent pursuing Zephyr as

13 opposed to Housley and Meacham. While the court does not agree with every single time entry

14 identified by Housley, it does agree that at least one-third of the time was spent pursuing Zephyr as

15 opposed to Housley and Meacham. The court will accordingly award Wiggins $77,500.00 in

16 attorneys' fees and $6,600.00 in costs against Housley and Meacham.

17      Counsel for Wiggins shall submit an appropriate form of order.

18

19 Dated: November 9, 2012

20

21

22                                    Alan Jaroslovsky
                                   U.S. Bankruptcy Judge