UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAWN C. WIGGINS,

                Plaintiff(s),

        v.                                      No. C 12-05430 WHA

BARBARA HOUSELY, et al.,

                                                (AP 11-1153)

                Defendant(s).
_____/

BANKRUPTCY JUDGE'S REPORT TO THE DISTRICT COURT

       On September 19, 2012, the court held a trial in the above adversary proceeding as to the three remaining defendants, Barbara Housley, Roman Meacham, and DPPM, Inc, doing business as Zephyr Real Estate ("Zephyr"). The court issued its written Memorandum on September 21, 2012.

       The action against Housely and Meacham was a core action based on § 110 of the Bankruptcy Code. The court accordingly entered a separate judgment against them on October 2, 2012. However, the liability the court found on the part of Zephyr was based only on state law for negligently failing to

1

supervise Housley, and Zephyr did not consent to entry of a final judgment by the bankruptcy court. Accordingly, the court directed that as to Zephyr its Memorandum of September 21 be considered proposed findings and conclusions.

Pursuant to 28 U.S.C. § 157(c)(1), when a bankruptcy court is not empowered to enter a final judgment is must transmit its proposed findings and conclusions to the district court for entry of a judgment after consideration of the findings and conclusions and do novo review of those matters to which any party has timely and specifically objected. This is a rare occurrence, this court having made such transmittal only one other time in 27 years.

Pursuant to § 157(c)(1), the court directed the Clerk to transmit the court's Memorandum of September 21, 2012, which constituted the court's proposed findings and conclusions. The Clerk made such a transmission but the district court misconstrued it as a defective appeal and dismissed the proceeding on November 13, 2012.

The undersigned apologizes for not having made its transmission clearer, and respectfully requests that the district court vacate its order of November 13, 2012, and proceed to review this court's proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1).

Dated: December 8, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2